IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CAPITAL ONE, NATIONAL ASSOCIATION, | § § § | |
| Plaintiff, | § § § | |
| v. | § § § | |
| QES PROPERTY MANAGEMENT LLC, MERCER EMERGENCY CENTER-VICTORIA, LLC, DR. JAMES E. GROSSMAN, DR. VICTOR S. HO, DR. UCHENNA K. OJIAKU, GRAMERCY EMERGENCY MANAGEMENT, PLLC, MERCER EMERGENCY PHYSICIANS-VICTORIA, PLLC, AND GEM HOLDINGS, LLC, | § § § § § § § § § § § § § | CIVIL ACTION NO. _____ |
| Defendants. | § | |

## ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Capital One, National Association ("Capital One") files this Original Complaint against QES Property Management LLC ("QES") and Mercer Emergency Center-Victoria LLC ("Mercer LLC" and together with QES, the "Borrowers") and Dr. James E. Grossman, Dr. Victor S. Ho, Dr. Uchenna K. Ojiaku, Gramercy Emergency Management, PLLC, Mercer Emergency

Page 1 of 14

Physicians-Victoria, PLLC, and GEM Holdings, LLC (together the "Guarantors").

Capital One respectfully shows:

## I.   STATEMENT OF THE CASE

1. This is a straight-forward collection matter. Borrowers failed to pay their promissory notes to Capital One. Guarantors guaranteed payment of Borrowers' indebtedness, but Guarantors have failed to pay as required by their respective guarantee agreements. Now, Capital One brings this action, as the owner and holder of the subject agreements, seeking a judgment against Defendants for the sums due under Defendants' respective agreements with Capital One.

## II.   PARTIES

2. Plaintiff Capital One is a national bank and is a citizen of Virginia. Capital One is authorized to do business in the State of Texas.

3. Defendant QES is a Texas limited liability company that maintains its principal place of business in Victoria, Texas. Defendant QES may be served by serving its registered agent, Jeffrey Thompson, at 6370 Claybourn, Beaumont, Texas 77706, or wherever else such registered agent may be found.

4. Defendant Mercer LLC is a Texas limited liability company that maintains (or at one time maintained) its principal place of business in Victoria, Texas. Defendant Mercer LLC may be served by serving its registered agent,

James E. Grossman, at 12011 Cobblestone Drive, Houston, Texas 77024, or wherever else such registered agent may be found.

5. Defendant Dr. James E. Grossman is an individual residing in Houston, Texas. He may be served at 12011 Cobblestone Drive, Houston, Texas 77024, or wherever else he may be found.

6. Defendant Dr. Victor S. Ho is an individual residing in Houston, Texas. He may be served at 11831 Red Coat Lane, Houston, Texas 77024, or wherever else he may be found.

7. Defendant Dr. Uchenna K. Ojiaku is an individual residing in Missouri City, Texas. He may be served at 24 Vieux Carre Court, Missouri City, Texas 77459, or wherever else he may be found.

8. Gramercy Emergency Management, PLLC is a Texas limited liability company that maintains its principal place of business in Beaumont, Texas. Defendant Gramercy Emergency Management, PLLC may be served by serving its registered agent, Jeffrey Thompson, at 6370 Claybourn, Beaumont, Texas 77706, or wherever else such registered agent may be found.

9. Mercer Emergency Physicians – Victoria, PLLC is a Texas limited liability company that maintains its principal place of business in Victoria, Texas. Defendant Mercer Emergency Physicians – Victoria, PLLC may be served by

serving its registered agent, James E. Grossman, at 12011 Cobblestone Drive, Houston, Texas 77024, or wherever else such registered agent may be found.

10. GEM Holdings, LLC is a Texas limited liability company that maintains its principal place of business in Houston, Texas. Defendant GEM Holdings, LLC may be served by serving its registered agent, James E. Grossman, at 12011 Cobblestone Drive, Houston, Texas 77024, or wherever else such registered agent may be found.

### III. JURISDICTION AND VENUE

11. This Court has jurisdiction over this lawsuit pursuant to 28 USC § 1332 because Plaintiff and Defendants are citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

12. Venue of this case is proper in the United States District Court for the Southern District of Texas, Houston Division, pursuant to 28 USC §1391(b)(1) because all Defendants are Texas residents and at least one Defendant resides in this judicial district.

13. Pursuant to the Borrowers' $456,500.00 Note, $550,000.00 Note and $350,000.00 Note (all defined below) with Capital One and Guarantors' related commercial guarantee agreements with Capital One regarding the same, Defendants waived any right to a jury trial. Capital One demands a bench trial of this action.

## IV.   FACTUAL BACKGROUND

**A.   The Borrowers' Indebtedness and Guarantors' Indebtedness.**

14.   Borrowers executed and delivered to Capital One a Promissory Note dated December 22, 2016 in the principal amount of $456,500.00 (the "$456,500.00 Note").  A true and correct copy of the $456,500.00 Note is attached as Exhibit A.  Under the terms of the $456,500.00 Note, Borrowers were required to make monthly interest only payments on January 22, 2017, February 22, 2017, and March 22, 2017, and then pay $5,125.86 monthly beginning on April 22, 2017 and continuing regularly on the same day of each subsequent month until paid in full.  The $456,500.00 Note was modified by modifications dated March 22, 2017 and October 10, 2017 (each a $456,500.00 Note Modification, and together, the "$456,500.00 Note Modifications").  True and correct copies of the $456,500.00 Note Modifications are attached as Exhibit B.

15.   In connection with the $456,500.00 Note, each of the Guarantors executed and delivered to Capital One a U.S. Small Business Administration Unconditional Guarantee (each a "$456,500.00 Guarantee Agreement", and together, the "$456,500.00 Guarantee Agreements").  Each of the $456,500.00 Guarantee Agreements is dated December 22, 2016.  True and correct copies of the $456,500.00 Guarantee Agreements are attached as Exhibit C, Exhibit D, Exhibit E, Exhibit F, Exhibit G, and Exhibit H respectively.

16.   Capital One is the owner and holder of the $456,500.00 Note and the $456,500.00 Guarantee Agreements.

17.   Borrowers executed and delivered to Capital One a Promissory Note dated December 22, 2016 in the principal amount of $550,000.00 (the "$550,000.00 Note").  A true and correct copy of the $550,000.00 Note is attached as Exhibit I.  Under the terms of the $550,000.00 Note, Borrowers were required to make monthly interest only payments on January 22, 2017, February 22, 2017, and March 22, 2017, and then pay $6,175.73 monthly beginning on April 22, 2017 and continuing regularly on the same day of each subsequent month until paid in full.

18.   In connection with the $550,000.00 Note, each of the Guarantors executed and delivered to Capital One a U.S. Small Business Administration Unconditional Guarantee (each a "$550,000.00 Guarantee Agreement", and together, the "$550,000.00 Guarantee Agreements").  Each of the $550,000.00 Guarantee Agreements is dated December 22, 2016.  True and correct copies of the $550,000.00 Guarantee Agreements are attached as Exhibit J, Exhibit K, Exhibit L, Exhibit M, Exhibit N, and Exhibit O respectively.

19.   Capital One is the owner and holder of the $550,000.00 Note and the $550,000.00 Guarantee Agreements.

20.   Borrowers executed and delivered to Capital One a Promissory Note dated December 18, 2015 in the principal amount of $3,025,500.00 (the

"$3,025,500.00 Note"). A true and correct copy of the $3,025,500.00 Note is attached as Exhibit P. Under the terms of the $3,025,500.00 Note, Borrowers were required to make monthly interest only payments on the 18th day of each month between January 18, 2016 and January 18, 2017, and then pay $26,068.64 monthly beginning on February 18, 2017 and continuing regularly on the same day of each subsequent month until paid in full. The $3,025,500 Note was modified by modifications dated December 13, 2016, March 23, 2017, October 10, 2017, February 9, 2018 and May 2, 2018 (each a "$3,025,500.00 Note Modification," and together, the "$3,025,500.00 Note Modifications"). True and correct copies of the $3,025,500.00 Note Modifications are attached as Exhibit Q.

21. In connection with the $3,025,500.00 Note, each of the Guarantors executed and delivered to Capital One a U.S. Small Business Administration Unconditional Guarantee (each a "$3,025,500.00 Guarantee Agreement", and together, the "$3,025,500.00 Guarantee Agreements"). Each of the $3,025,500.00 Guarantee Agreements is dated December 18, 2015. True and correct copies of the $3,025,500.00 Guarantee Agreements are attached as Exhibit R, Exhibit S, Exhibit T, Exhibit U, Exhibit V[1] and Exhibit W respectively.

---

[1] Exhibit V also contains the First Amendment to Construction Loan Agreement with the acceptance by the parties of the guarantor name change to the current entity name, Mercer Emergency Physicians – Victoria, PLLC.

22.  Capital One is the owner and holder of the $3,025,500.00 Note and the $3,025.500.00 Guarantee Agreements.

23.  Borrowers executed and delivered to Capital One a Promissory Note dated January 30, 2017 in the principal amount of $350,000.00 (the "$350,000.00 Note[2]").  A true and correct copy of the $350,000.00 Note is attached as Exhibit X.  Under the terms of the $350,000.00 Note, Borrowers were required to make thirty six (36) monthly interest only payments on the 28th day of each month beginning February 28, 2017, followed by equal monthly payments of principal and interest sufficient to fully amortize the loan balance and continuing regularly on the same day of each subsequent month until paid in full.  The $350,000.00 Note was modified by a modification dated May 2, 2018 (the "$350,000.00 Note Modification").  True and correct copies of the $350,000.00 Note Modification is attached as Exhibit Y.

24.  In connection with the $350,000.00 Note, each of the Guarantors executed and delivered to Capital One a Guarantee Agreement (each a "$350,000.00 Guarantee Agreement", and together, the "$350,000.00 Guarantee Agreements[3]").  Each of the $350,000.00 Guarantee Agreements is dated January

---

[2] The $350,000.00 Note, together with the $456,500.00 Note, the $550,000.00 Note, and the $3,025,500.00 Note, and any note modifications, are collectively referred to herein as the "Notes".
[3] The $350,000.00 Guarantee Agreements, the $456,500.00 Guarantee Agreements, the $550,000.00 Guarantee Agreements, and the $3,025,500.00 Guarantee Agreements, are collectively referred to herein as the "Guarantee Agreements."

30, 2017.  True and correct copies of the $350,000.00 Guarantee Agreements are attached as <u>Exhibit Z</u>, <u>Exhibit AA</u>, <u>Exhibit BB</u>, <u>Exhibit CC</u>, <u>Exhibit DD</u> and <u>Exhibit EE</u>, respectively.

25. Capital One is the owner and holder of the $350,000.00 Note and the $350,000.00 Guarantee Agreements.

**B.**   **<u>Default Under the Notes and Guarantee Agreements.</u>**

26. Defendants are in default of their obligations to Capital One.

27. Through correspondence dated November 16, 2018, Capital One informed Borrowers and Guarantors that Borrowers were in default under the Notes, and as a result the Notes were accelerated and due and payable in full. Attached as <u>Exhibit FF</u> is a true and correct copy of such correspondence.

28. Despite demand, the Defendants have not paid Capital One pursuant to the Notes and Guarantee Agreements.  As of April 16, 2019, (a) the principal amount due on the $456,500.00 Note is at least $438,100.47, and the interest due is at least $23,819.25; (b) the principal amount due on the $550,000.00 Note is at least $523,714.59, and the interest due is at least $30,211.43; (c) the principal amount due on the $3,025,500.00 Note is at least $2,988,314.14, and the interest due is at least $187,504.25; and (d) the principal amount on the $350,000.00 Note is at least $349,996.25 and interest due is at least $21,417.48.  These figures do not include late charges, forced place insurance, attorneys' fees, court costs, or

collection expenses, which are recoverable from Defendants under the Notes and Guarantee Agreements. Interest continues to accrue on the Notes at the following per diem rates: $456,500.00 Note ($69.97), $550,000.00 Note ($83.65), $3,025,500.00 Note ($460.70), and $350,000.00 Note ($75.35).

29. Defendants further defaulted by failing to pay certain property taxes. Capital One submitted payment of $42,401.83 for past due property taxes. Attached as <u>Exhibit GG</u> is a true and correct copy of the $42,401.83 cashier's check, dated July 11, 2018.

## V. CAUSES OF ACTION

**Count 1:** **Breach of the Notes.**

30. Exhibits A, B, I, P, Q, X and Y demonstrate that the Borrowers executed the Notes in favor of Capital One, in which Borrowers unconditionally agreed to full payment of all amounts due and owing under the Notes.

31. Capital One is the legal owner and holder of the Notes.

32. Exhibits A, B, I, P, Q, X and Y establish the terms of the Notes. Borrowers defaulted under the terms and conditions of the Notes.

33. Capital One notified Borrowers that they were in default of their obligations under the Notes, and that the Notes have been accelerated.

34. Despite demand, Borrowers have failed and refused, and continue to refuse, to pay Capital One the amounts due and owing to Capital One under the

Notes. Borrowers' failure to pay the amounts due and owing pursuant to the Notes constitutes a material breach of the Notes causing Capital One to suffer damages.

35. Pursuant to the Notes, Capital One has the right to pursue Borrowers for Capital One's actual damages incurred, in addition to unpaid accrued interest, and other costs allowed for under the Notes.

36. Capital One has performed all conditions precedent to enforcement of the Notes or they have been waived.

37. Borrowers' breaches have caused damages in an amount that exceeds the jurisdictional threshold of this Court.

**Count 2:    Breach of the Guarantee Agreements.**

38. Exhibits C, D, E, F, G, H,[4] J, K, L, M, N, O,[5] R, S, T, U, V, W,[6] Z, AA, BB, CC, DD and EE[7] demonstrate that the Guarantors executed their respective Guarantee Agreements in favor of Capital One, in which they personally and unconditionally guaranteed full payment of all amounts due to Capital One under the Notes.

39. Capital One is the legal owner and holder of the Guarantee Agreements.

---

[4] Exhibits C, D, E, F, G and H constitute the guarantee agreements regarding the $456,500 Note.
[5] Exhibits J, K, L, M, N and O constitute the guarantee agreements regarding the $550,000 Note.
[6] Exhibits R, S, T, U, V and W constitute the guarantee agreements regarding the $3,025,000 Note.
[7] Exhibits Z, AA, BB, CC, DD and EE constitute the guarantee agreements regarding the $350,000 Note.

40. Exhibits A, B, I, P, Q, X and Y establish the terms of the Notes. Borrowers defaulted under the terms and conditions of the Notes.

41. Capital One notified the Guarantors that Borrowers were in default of their obligations under the Notes.

42. Despite demand, Guarantors have failed and refused, and continue to refuse, to pay Capital One the amounts due and owing to Capital One under the Notes as provided in the Guarantee Agreements. The Guarantors' failure to pay the amounts due and owing pursuant to the Guarantee Agreements constitutes a material breach of the Guarantee Agreements causing Capital One to suffer damages.

43. Pursuant to the unconditional guarantee provided by the Guarantors to Capital One in the Guarantee Agreements, Capital One has the right to pursue Guarantors for Capital One's actual damages incurred, in addition to unpaid accrued interest, and other costs allowed for under the Guarantee Agreements.

44. Capital One has performed all conditions precedent to enforcement of the Guarantee Agreements or they have been waived.

45. Guarantors' breaches have caused damages in an amount that exceeds the jurisdictional threshold of this Court.

## VI.   ATTORNEYS' FEES, INTEREST, AND COSTS

46.   Pursuant to the terms of the Notes, Capital One is entitled to recover its reasonable attorneys' fees incurred in prosecuting this action against the Defendants.  Capital One is also entitled to recover interest, and costs of suit. Capital One has satisfied all conditions precedent.

## VII.   RESERVATION OF RIGHTS

47.   Capital One reserves all rights and remedies against Defendants and any other parties in connection with the Notes and the Guarantee Agreements. The filing of this action is not intended to be a waiver of any rights or remedies or an election of remedies.

## VIII. PRAYER

Capital One, National Association respectfully prays that it have judgment against Defendants QES Property Management LLC, Mercer Emergency Center – Victoria LLC, Dr. James E. Grossman, Dr. Victor S. Ho, Dr. Uchenna K. Ojiaku, Gramercy Emergency Management, PLLC, Mercer Emergency Physicians – Victoria, PLLC, and GEM Holdings LLC for all sums due to Capital One in connection with the Notes and Guarantee Agreements, plus pre- and post-judgment interest as allowed by law, plus reasonable and necessary attorneys' fees incurred by Capital One in pursuing its claims, as well as costs of court, and for such other and further relief, both general and special, to which Capital One may be justly entitled.

Dated: April 26, 2019

Respectfully submitted,

By: */s/ Courtney T. Carlson*
    Courtney T. Carlson
    ATTORNEY-IN-CHARGE
    Texas Bar No. 24065004
    S.D. ID # 1115579
    Email: ccarlson@jw.com
    JACKSON WALKER, L.L.P.
    1401 McKinney Street, Suite 1900
    Houston, Texas 77010
    Telephone:  (713) 752-4239
    Fax:  (713) 308-4139
    Bruce J. Ruzinsky
    Texas Bar No. 17469425
    S.D. ID # 5037
    Email: bruzinsky@jw.com
    JACKSON WALKER, L.L.P.
    1401 McKinney Street, Suite 1900
    Houston, Texas 77010
    Telephone:  (713) 752-4204
    Fax:  (713) 308-4155

**ATTORNEYS FOR PLAINTIFF CAPITAL ONE, NATIONAL ASSOCIATION**