IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CAPITAL ONE, NATIONAL ASSOCIATION, Plaintiff, v. QES PROPERTY MANAGEMENT LLC, MERCER EMERGENCY CENTER-VICTORIA, LLC, DR. JAMES E. GROSSMAN. DR. VICTOR S. HO, DR. UCHENNA K. OJIAKU, GRAMERCY EMERGENCY MANAGEMENT, PLLC, MERCER EMERGENCY PHYSICIANS-VICTORIA, PLLC, AND GEM HOLDINGS, LLC Defendants. | § § § § § § § § § § § § § § § § § § | CIVIL ACTION NO. 4:19-cv-01533 |

## **DEFENDANT DR. VICTOR S. HO'S ORIGINAL ANSWER**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Defendant DR. VICTOR S. HO ("Dr. Ho") and files his Original Answer in answer to the Original Complaint ("Complaint") filed by CAPITAL ONE, NATIONAL ASSOCIATION ("Capital One" or "Plaintiff") and would respectfully show unto the Court as follows:

Dr. Ho files this Answer subject to and without waiving any assertions that Plaintiff's claims should be dismissed pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, and by filing this Answer, Dr. Ho does not intend to and does not hereby waive any right it may have to later file motions to dismiss or other requests for relief against Plaintiff predicated on such rules.

# I.
# SPECIFIC ADMISSIONS, DENIALS, AND OTHER RESPONSES

1. Dr. Ho denies the allegations of Sentence 1 of Section 1 of Plaintiff's Complaint. Dr. Ho lacks knowledge or information sufficient to form a belief about the truth of the allegations of Sentence 2 of Section 1 of Plaintiff's Complaint. With respect to Sentence 3 of Section 1 of Plaintiff's Complaint, and assuming that "indebtedness" refers to amounts due under the notes made the basis of this lawsuit, Dr. Ho admits that he signed the guaranty agreements to which he was a party made the basis of the Plaintiff's lawsuit, but denies the remainder of Sentence 3 of Section 1. Dr. Ho lacks knowledge or information sufficient to form a belief about the truth of the allegations of Sentence 4 of Section 1.

2. Dr. Ho lacks knowledge or information sufficient to form a belief about the truth of the allegations of Sections 2 through 5 of Plaintiff's Complaint, except that Dr. Ho admits that Defendant QES is a Texas limited liability company, and Defendant Mercer is a Texas limited liability company.

3. Dr. Ho admits the allegations of Sentence 1 of Section 6 of Plaintiff's Complaint. The remainder of Section 6 is an allegation regarding service, calling for a conclusion of law in part, and need not be denied or admitted. To the extent a denial or admission is required, Dr. Ho denies the allegations of Sentence 2 of Section 6.

4. Dr. Ho lacks knowledge or information sufficient to form a belief about the truth of the allegations of Sections 7 through 10 of Plaintiff's Complaint, except that Dr. Ho admits that Defendant Gramercy Emergency Management, PLLC is a Texas professional limited liability company, Defendant Mercer Emergency Physicians – Victoria, PLLC is a Texas professional limited liability company, and Defendant GEM Holdings, LLC is a Texas limited liability company.

5. Dr. Ho admits that the amount claimed by the Plaintiff to be in controversy exceeds $75,000. Otherwise, Dr. Ho lacks knowledge or information sufficient to form a belief about the truth of the allegations of Section 11 of Plaintiff's Complaint.

6. Dr. Ho lacks knowledge or information sufficient to form a belief about the truth of the allegations of Section 12 of Plaintiff's Complaint, except that Dr. Ho admits that at least one Defendant resides in this judicial district.

7. Dr. Ho lacks knowledge or information sufficient to form a belief about the truth of the allegations of Section 13 of Plaintiff's Complaint.

8. Dr. Ho lacks knowledge or information sufficient to form a belief about the truth of the allegations of Section 14 of Plaintiff's Complaint except insofar as Dr. Ho admits the allegations that a copy of the $456,500.00 Note is attached as <u>Exhibit A</u> and the $456,500.00 Note Modification attached as <u>Exhibit B</u> to the Plaintiff's Complaint.

9. Except insofar as the allegations that <u>Exhibit C</u>, <u>Exhibit D</u>, <u>Exhibit E</u>, <u>Exhibit F</u>, <u>Exhibit G</u>, and <u>Exhibit H</u> are attached to the Plaintiff's Complaint, which is admitted, Dr. Ho lacks knowledge or information sufficient to form a belief about the truth of the allegations of Sections 15 of Plaintiff's Complaint. With respect to each of the Guarantors executing and delivering to Capital One a U.S. Small Business Administration Unconditional Guarantee, Dr. Ho admits that he signed a document titled "Unconditional Guarantee" which was signed by Dr. Victor Ho on December 22, 2016. Dr. Ho lacks knowledge or information sufficient to form a belief about the truth of the allegation that each of the Guarantors signed as stated in Section 15 of the Plaintiff's Complaint. Dr. Ho denies the remainder of the allegations of Section 15 of the Plaintiff's Complaint.

10. Dr. Ho lacks knowledge or information sufficient to form a belief about the truth of the allegations of Section 16 of Plaintiff's Complaint.

11. Except insofar as the allegations that a copy of the $550,000.00 Note is attached as Exhibit I to the Plaintiff's Complaint, which is admitted, Dr. Ho lacks knowledge or information sufficient to form a belief about the truth of the allegations of Section 17 of Plaintiff's Complaint.

12. Except insofar as the allegations that Exhibit J, Exhibit K, Exhibit L, Exhibit M, Exhibit N, and Exhibit O are attached to the Plaintiff's Complaint, which is admitted, Dr. Ho lacks knowledge or information sufficient to form a belief about the truth of the allegations of Sections 18 of Plaintiff's Complaint. With respect to each of the Guarantors executing and delivering to Capital One a U.S. Small Business Administration Unconditional Guarantee, Dr. Ho admits that he signed a document titled "Unconditional Guarantee" which was signed by Dr. Victor Ho on December 22, 2016. Dr. Ho lacks knowledge or information sufficient to form a belief about the truth of the allegation that each of the Guarantors signed as stated in Section 18 of the Plaintiff's Complaint. Dr. Ho denies the remainder of the allegations of Section 18 of the Plaintiff's Complaint.

13. Dr. Ho lacks knowledge or information sufficient to form a belief about the truth of the allegations of Section 19 of Plaintiff's Complaint.

14. Except insofar as the allegations that a copy of the $3,025,500.00 Note is attached as Exhibit P to the Plaintiff's Complaint and that a copy of the $3,025,500.00 Note Modifications are attached as Exhibit Q, which is admitted, Dr. Ho lacks knowledge or information sufficient to form a belief about the truth of the allegations of Section 20 of Plaintiff's Complaint.

15. Except insofar as the allegations that Exhibit R, Exhibit S, Exhibit T, Exhibit U, Exhibit V, and Exhibit W are attached to the Plaintiff's Complaint, which is admitted, Dr. Ho lacks

knowledge or information sufficient to form a belief about the truth of the allegations of Sections 21 of Plaintiff's Complaint. With respect to each of the Guarantors executing and delivering to Capital One a U.S. Small Business Administration Unconditional Guarantee, Dr. Ho admits that he signed a document titled "Unconditional Guarantee" which was signed by Dr. Victor Ho on December 18, 2015. Dr. Ho lacks knowledge or information sufficient to form a belief about the truth of the allegation that each of the Guarantors signed as stated in Section 21 of the Plaintiff's Complaint. Dr. Ho denies the remainder of the allegations of Section 21 of the Plaintiff's Complaint

16. Dr. Ho lacks knowledge or information sufficient to form a belief about the truth of the allegations of Section 22 of Plaintiff's Complaint.

17. Except insofar as the allegations that a copy of the $350,000.00 Note is attached as Exhibit X and a copy of the $350,000.000 Note Modification is attaches as Exhibit Y to the Plaintiff's Complaint, which is admitted, Dr. Ho lacks knowledge or information sufficient to form a belief about the truth of the allegations of Section 23 of Plaintiff's Complaint.

18. Except insofar as the allegations that Exhibit Z, Exhibit AA, Exhibit BB, Exhibit CC, Exhibit DD, and Exhibit EE are attached to the Plaintiff's Complaint, which is admitted, Dr. Ho lacks knowledge or information sufficient to form a belief about the truth of the allegations of Sections 24 of Plaintiff's Complaint. With respect to each of the Guarantors executing and delivering to Capital One the $350,000.00 Guarantee Agreement, Dr. Ho admits that he signed a document titled "Commercial Guaranty" but which document itself is undated, and therefore Dr. Ho lacks sufficient information to admit or deny whether such document was dated January 30, 2017. Dr. Ho lacks knowledge or information sufficient to form a belief about the truth of the

allegation that each of the Guarantors signed as stated in Section 24 of the Plaintiff's Complaint. Dr. Ho denies the remainder of the allegations of Section 24 of the Plaintiff's Complaint.

19. Dr. Ho lacks knowledge or information sufficient to form a belief about the truth of the allegations of Section 25 of Plaintiff's Complaint.

20. Dr. Ho lacks knowledge or information sufficient to form a belief about the truth of the allegations of Section 26 of Plaintiff's Complaint, except insofar as Dr. Ho denies that he has defaulted on his obligation to Capital One.

21. Except insofar as the allegations that a copy of correspondence dated November 16, 2018, is attached as Exhibit FF to the Plaintiff's Complaint, which is admitted, Dr. Ho lacks knowledge or information sufficient to form a belief about the truth of the allegations of Section 27 of Plaintiff's Complaint.

22. Dr. Ho lacks knowledge or information sufficient to form a belief about the truth of the allegations of Section 28 of Plaintiff's Complaint.

23. Except insofar as the allegations that a copy of the $42,401.82 cashier's check, dated July 11, 2018, is attached as Exhibit GG to the Plaintiff's Complaint, which is admitted, Dr. Ho lacks knowledge or information sufficient to form a belief about the truth of the allegations of Section 29 of Plaintiff's Complaint.

24. Dr. Ho denies the allegations of Section 30 of Plaintiff's Complaint.

25. Dr. Ho lacks knowledge or information sufficient to form a belief about the truth of the allegations of Section 31 of Plaintiff's Complaint.

26. Except insofar as the allegations that Exhibit A, Exhibit B, Exhibit I, Exhibit P, Exhibit Q, Exhibit X, and Exhibit Y establish the term of the Notes, which is admitted, Dr. Ho

lacks knowledge or information sufficient to form a belief about the truth of the allegations of Section 32 of Plaintiff's Complaint.

27. Dr. Ho lacks knowledge or information sufficient to form a belief about the truth of the allegations of Section 33 of Plaintiff's Complaint.

28. Dr. Ho lacks knowledge or information sufficient to form a belief about the truth of the allegations of Section 34 of Plaintiff's Complaint

29. Dr. Ho denies the allegations of Section 35 of Plaintiff's Complaint, particularly insofar as Dr. Ho is unaware of any "right to pursue" in the context of a commercial loan or guaranty that is recognized under federal law, the laws of the State of Texas, or indeed, in the common law as a whole.

30. Dr. Ho lacks knowledge or information sufficient to form a belief about the truth of the allegations of Section 36 of Plaintiff's Complaint.

31. Dr. Ho denies the allegations of Section 37 of the Plaintiff's Complaint.

32. Dr. Ho denies the allegations of Section 38 of the Plaintiff's Complaint.

33. Dr. Ho lacks knowledge or information sufficient to form a belief about the truth of the allegations of Section 39 of Plaintiff's Complaint.

34. Except insofar as the allegations that Exhibit A, Exhibit B, Exhibit I, Exhibit P, Exhibit Q, Exhibit X, and Exhibit Y establish the term of the Notes, which is admitted, Dr. Ho denies the allegations of Sections 40 of Plaintiff's Complaint.

35. Dr. Ho lacks knowledge or information sufficient to form a belief about the truth of the allegations of Section 41 of Plaintiff's Complaint.

36. Dr. Ho denies the allegations of Section 42 of the Plaintiff's Complaint.

37. Dr. Ho lacks knowledge or information sufficient to form a belief about the truth of the allegations of Section 43 of Plaintiff's Complaint, except insofar as Dr. Ho denies that Capital One has the "right to pursue" him, as a Guarantor, for Capital One's actual damages incurred, in addition to unpaid accrued interest, and other costs allowed for under the Guarantee Agreement.

38. Dr. Ho lacks knowledge or information sufficient to form a belief about the truth of the allegations of Section 44 of Plaintiff Complaint.

39. Dr. Ho denies the allegations of Section 45 of the Plaintiff's Complaint.

40. With respect to Part VI "Attorneys' Fees, Interest, and Costs" of Plaintiff's Complaint, and all sections stated therein, Dr. Ho lacks knowledge or information sufficient to form a belief about the allegations or pleadings of such section. Dr. Ho denies that Plaintiff is entitled to or should be awarded any requested relief from or against Dr. Ho, including for the reasons stated above.

41. Dr. Ho lacks knowledge or information sufficient to form a belief about the truth of the allegations of Part VII. Reservation of Rights of Plaintiff Complaint.

42. With respect to the "Prayer" found on page 13 of Plaintiff's Complaint, and all sections stated therein, Dr. Ho admits that the Plaintiff makes the requests as stated therein, but denies that the Plaintiff is entitled to the relief requested.

43. Insofar as the section headings and captions of the Plaintiff's Complaint are intended to be operative allegations of the complaint, constitute allegations which are not vague and ambiguous and which are capable of admission or denial, Dr. Ho denies the statements and allegations made therein. With the exception of those assertions and allegations about which Dr. Ho has plead that he lacks knowledge or information sufficient to form a belief about the truth,

and to the extent that any assertion or allegation of the Plaintiff's Complaint has not been denied or admitted above, in whole or in part, it is hereby denied.

## II.
## AFFIRMATIVE AND OTHER DEFENSES

44. **Failure to Mitigate:** Plaintiff has failed to mitigate its alleged damages as required by law.

## III.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, DR. VICTOR S. HO ("Dr. Ho") respectfully prays that upon final trial or hearing of this matter, that the Court enter a judgment ordering, adjudging and decreeing that Plaintiff CAPITAL ONE, NATIONAL ASSOCIATION ("Capital One") take nothing by its suit against Dr. Ho.

Dr. Ho also prays that he have all such other and further relief, whether at law or in equity, to which he is justly entitled.

Respectfully submitted,

MURRAH & KILLOUGH, PLLC

By: /s/ Richard C. Killough
Richard C. Killough
ATTORNEY-IN-CHARGE
Texas Bar No. 24007481
Southern District Bar No. 23582
C. Mark Murrah
Texas Bar No. 00797129
Southern District Bar No. 21355
3000 Weslayan, Suite 305
Houston, TX 77027
Telephone: (281) 501-1601
Fax: (713) 588-8778
E-mail: rkillough@mktxlaw.com

**ATTORNEYS FOR DEFENDANT
DR. VICTOR S. HO**

**CERTIFICATE OF SERVICE**

I hereby certify that on this 1st day of July, 2019, I served the foregoing DEFENDANT DR. VICTOR S. HO'S ORIGINAL ANSWER on the following via ECF as follows:

Courtney T. Carlson
Bruce J. Ruzinsky
JACKSON WALKER, L.L.P.
1401 McKinney Street, Suite 1900
Houston, Texas 77010
*Via Email:* ccarlson@jw.com
*Via Email:* bruzinsky@jw.com

*/s/ Richard C. Killough*
Richard C. Killough